Truax, J.
The two causes of action set up in the complaint are not embraced in section 484 of the Code of Civil Procedure, and therefore they are improperly joined.
The issue of adultery must, on the application of either party, be tried by a jury (see. 1757 of Code of Civil Prof while the other issues may be tried before the court without a jury.
Demurrer sustained with leave to amend, without costs.
Note. By the above decision the law seems now to be settled that the two causes of action of adultery and cruelty cannot be united in the same complaint. The old case of McIntosh agt. McIntosh (12 How., 289) formerly settled the practice in this class of cases, but it was held at general term, supreme court, third department, in Doe agt. Roe (23 Hun, 19), that many of the reasons stated by the court in the above case did not apply in the present state of the practice. Judge Barrett also stated, in an obiter opinion, that the law should favor the settling of all matrimonial differences in the same action. The above decision goes outside of the ordinary reasoning applied in previous cases, namely, that the evidence is incongruous, and the relief sought different and alternative — the party asking either for a divorce or a separation, and holds that these causes of action cannot be united because in the issue of adultery a trial by jury maybe demanded (Code of Civil Pro., sec. 1757), while the other issues may be tried before the court without a jury. It also holds that the two causes of action are not embraced in section 484, Code of Civil Procedure, and, therefore, cannot be united under the Code.—[Ed.